UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| ANTHONY BROWNE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:15-cv-00097 (JAM) |
| | : | |
| OMPRAKASH PILLAI, et al., | : | |
|     Defendants. | : | |
| | : | |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A
WITH LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Anthony Browne is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 alleging in substance that he was injured while riding as a passenger in a prison transport van and that his medical needs arising from this injury have been ignored for years by numerous prison doctors and other corrections officials. I conclude that the statute of limitations bars plaintiff's complaint against several of the defendants and that he has otherwise failed to plead a plausible case of deliberate indifference to his medical needs under the Eighth Amendment. I will therefore dismiss his complaint with leave to amend within 30 days—by April 6, 2015—if he is able to allege facts sufficient to establish a claim.

### BACKGROUND

The complaint names the following defendants: Dr. Omprakash Pillai, Dr. Syed Naqvi, Health Services Administrator Raquel Lightner, Grievance Coordinator Yvonne Francis, Correctional Officer Michael LaRose, Nurse Lisa J. Clark, Captain Shea, Nurse Jane Doe, and Dr. John Doe.

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On December 13, 2010, plaintiff was injured when a prison transport van in which he was riding struck another vehicle in the sally port at New Haven Correctional Center. Defendant LaRose was the driver of the van. Immediately following the accident, plaintiff informed defendant LaRose that he was in pain and required medical attention. Plaintiff was escorted inside the facility and examined by defendant Nurse Clark who performed a cursory examination and told plaintiff that he would receive a more extensive examination when he returned to Bridgeport Correctional Center, the facility in which he was incarcerated at that time. Plaintiff then asked defendant Captain Shea to be taken to the hospital. Defendant Shea refused.

Plaintiff was taken to Waterbury Superior Court before being returned to Bridgeport Correctional Center. Upon his return to the facility, he was scheduled to be seen by defendant Nurse Jane Doe. Nurse Doe gave plaintiff Motrin for his pain and told him that she could not authorize sending him to the hospital. She also told plaintiff that she would prioritize his request to see a doctor.

Plaintiff saw defendant Dr. John Doe approximately eight days after the accident. Dr. Doe prescribed 1800 mg of Motrin per day for three months. The pain did not subside. On January 20, 2011, Dr. Doe changed the prescription to Allevil. Plaintiff continued taking this medication for twenty-one months.

On October 15, 2012, at MacDougall Correctional Institution, plaintiff met defendant Dr. Naqvi. After a brief examination, Dr. Naqvi diagnosed nerve damage and told plaintiff he intended to try a different medication and order x-rays. After a month, plaintiff tried to see Dr.

Naqvi to no avail. Plaintiff submitted a grievance that was not answered by defendant Francis, the grievance coordinator at MacDougall Correctional Institution.

Dr. Naqvi told defendant Lightner (the health services administrator) that plaintiff no longer needed treatment and scheduled no further appointments with plaintiff. Defendant Lightner refused to accept or answer plaintiff's response to Dr. Naqvi's assessment.

On April 9, 2013, plaintiff was seen by defendant Dr. Pillai who ordered x-rays and pain medication and requested an MRI. Plaintiff did not see another doctor from April 11, 2013, through June 21, 2013.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Based on my initial review of the complaint, I conclude that the statute of limitations bars plaintiff's claims against at least some of the named defendants. The limitations period to file a §

1983 action is three years. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994). Under federal law, a cause of action accrues—and the statute of limitations clock begins running—when plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122–24 (1979).

Plaintiff was aware of his injury and the actions of defendants LaRose, Clark, Shea and Jane Doe in December 2010. Plaintiff does not allege that these defendants had any further duty to or involvement with his treatment after the dates specified in the complaint. Thus, any claims against them should have been filed no later than December 2013. But plaintiff here filed his complaint in January 2015. All claims against defendants LaRose, Clark, Shea and Nurse Jane Doe are barred by the statute of limitations.

Plaintiff further alleges that he was treated at one point by Dr. John Doe at the Bridgeport County Correctional Center. The complaint alleges in substance that Dr. Doe prescribed Motrin and then prescribed Allevil after the pain did not subside. Because none of the allegations plausibly suggest that Dr. John Doe was deliberately indifferent to plaintiff's medical needs, the complaint is dismissed as to Dr. John Doe.

The remaining defendants are Pillai, Naqvi, Lightner, and Francis, all of whom it appears were at MacDougall Correctional Institution and who plaintiff seems to allege did not respond properly to plaintiff's medical condition and complaints. It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To establish a claim for deliberate indifference to a serious medical need, plaintiff must show both that his medical need was serious and that each defendant acted with a highly culpable state of mind. *See Smith v.*

*Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce "death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, a defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

A claim of deliberate indifference under the Eighth Amendment is not the same as a claim of mere negligence or medical malpractice under state law. Negligence that would support a claim for medical malpractice does not by itself rise to the level of deliberate indifference and is not cognizable as a basis for an Eighth Amendment violation subject to liability under § 1983. Nor does evidence of a good faith difference of opinion regarding what constitutes an appropriate response to and treatment of a medical condition suffice to show deliberate indifference. *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

I cannot determine on the basis of plaintiff's allegations whether plaintiff suffers from a serious medical need, because plaintiff does not describe his injury in the complaint. He alleges that the doctors examined and treated him, but not in the manner he deemed proper. The allegations appear to set forth a mere disagreement over treatment, which does not rise to the level of establishing deliberate indifference to a serious medical need.

Although the Court concludes that the present complaint must be dismissed for failure to

allege a plausible basis of relief under the Eighth Amendment, the Court will afford plaintiff the opportunity to file an amended complaint. If plaintiff chooses to file an amended complaint, it shall not include claims that are barred by the statute of limitations and shall name as defendants only individuals that plaintiff has grounds to allege were deliberately indifferent to his serious medical needs. Any amended complaint shall allege facts that describe how plaintiff's condition constituted a *serious* medical condition and facts that indicate how each defendant was not merely negligent but *deliberately indifferent* to that condition.

Plaintiff shall file any amended complaint within 30 days from the date of this order—by **April 6, 2015**. If plaintiff fails to file an amended complaint by April 6, 2015, his complaint will be dismissed with prejudice.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

1. All claims against defendants LaRose, Clark, Shea, Jane Doe, and John Doe are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A.

2. All claims against defendants Dr. Pillai, Dr. Naqvi, Dr. John Doe, Lightner, and Francis are DISMISSED pursuant to 28 U.S.C. § 1915A without prejudice to re-filing of an amended complaint if plaintiff believes that facts exist sufficient to establish a claim of deliberate indifference under the Eighth Amendment. Any amended complaint must be filed on or before **April 6, 2015** and allege any facts—if true—that comply with the instructions set forth above. If an amended complaint is not filed by April 6, 2015, then the Clerk of Court shall enter a dismissal with prejudice and close this case.

**SO ORDERED** this 6th day of March 2015 at Bridgeport, Connecticut.

    */s/ Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge